UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                            :

LYNNE F. STEWART,

                  Petitioner            :

        - v -                           13 Civ. 5279 (JGK)

                                 :            02 Cr. 395 (JGK)

UNITED STATES OF AMERICA,

                                 :

                  Respondent.

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER LYNNE F. STEWART'S
MOTION TO REDUCE, MODIFY OR VACATE SENTENCE AND
FOR OTHER EQUITABLE RELIEF PURSUANT TO
28 U.S.C. § 2255 AND 18 U.S.C. § 3582**


                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States of
                                         America


Andrew S. Dember
Assistant United States Attorney
- Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                               :

LYNNE F. STEWART,

                Petitioner          :

         - v -                              13 Civ. 5279 (JGK)

                                     :        02 Cr. 395 (JGK)

UNITED STATES OF AMERICA,

                                     :

            Respondent.

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER LYNNE F. STEWART'S
MOTION TO REDUCE, MODIFY OR VACATE SENTENCE AND
FOR OTHER EQUITABLE RELIEF PURSUANT TO
28 U.S.C. § 2255 AND 18 U.S.C. § 3582**

**Preliminary Statement**

Stewart moves to reduce, modify, and vacate her sentence and for other equitable relief pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582.   Stewart argues that (1) the Director of the Bureau of Prisons violated a congressional mandate by failing to file a motion for compassionate release on her behalf under 18 U.S.C. § 3582; (2) her sentence as administered violates the Eighth Amendment as cruel, unusual, and excessive; and (3) the Court should use its equitable authority to release her from custody.  Stewart's arguments are without merit.

1

As the Court will recall, Superseding Indictment S1 02 Cr. 395 (JGK) (the "Indictment") was filed on November 19, 2003, charging Stewart in five of its seven counts.  Count One charged Stewart and two co-defendants, Ahmed Abdel Sattar and Mohammed Yousry, with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371.  Count Two charged Sattar with conspiracy to kill and kidnap persons in a foreign country, in violation of Title 18, United States Code, Section 956(a)(1) and (a)(2)(A).  Count Three charged Sattar with solicitation of crimes of violence, in violation of Title 18, United States Code, Section 373.  Count Four charged Stewart and Yousry with conspiracy to provide and to conceal the provision of material support to the conspiracy charged in Count Two, in violation of Title 18, United States Code, Section 371.  Count Five charged Stewart and Yousry with providing and concealing the provision of material support to the conspiracy charged in Count Two, in violation of Title 18, United States Code, Sections 2339A and 2.  Counts Six and Seven charged Stewart with making false statements to the United States Department of Justice and its agency, the Bureau of Prisons, in violation of Title 18, United States Code, Section 1001.

Trial commenced on May 19, 2004, and ended on February 10, 2005, when Stewart and her co-defendants were convicted on all counts charged in the Indictment.  On October 16, 2006, this Court sentenced all three defendants.  Stewart was sentenced to 28 months' imprisonment, to be followed by two years' supervised release, and ordered to

2

pay a mandatory $500 special assessment.

Stewart appealed from her conviction, and the Government cross-appealed from her sentence.  In a decision issued on November 17, 2009 (and amended on December 23, 2009), the Second Circuit Court of Appeals affirmed the judgments of conviction for Stewart and her co-defendants, but remanded Stewart's case to this Court for resentencing.  *United States* v. *Stewart*, 590 F.3d 93 (2d Cir. 2009).

On July 15, 2010, this Court resentenced Stewart principally to a term of 120 months' imprisonment.  Stewart appealed this sentence and, on June 28, 2012, the Second Circuit affirmed the sentence.  *United States* v. *Stewart,* 686 F.3d 156 (2d Cir. 2012).

As noted in her moving papers, in April 2013, Stewart filed a formal request, pursuant to 28 C.F.R. § 571.61, with the Warden of the Federal Medical Center, Carswell for compassionate release.  On June 24, 2013, the Director of the Bureau of Prisons ("BOP") denied Stewart's request.

Stewart is currently serving her sentence.

## Argument

## POINT I

### The Bureau of Prisons Is Not Obligated to File a Section 3582 Motion.

Citing Sentencing Guidelines § 1B1.13, Stewart argues that the Bureau of Prisons was required by "congressional mandate" to file a motion under Section 3582(c)(1)(A)(i) of Title 18 of the United States Code for compassionate release in her case because she is

3

suffering from a terminal illness.  (Mem. 8).[1]  By refusing to do so, Stewart claims, the

BOP "has refused to follow the congressional mandate to follow the Sentencing

Commission's construction [of Section 3582(c)(1)(A)(i).]" (Mem. 8).  Stewart's claim is

meritless.

The Court has no authority to modify or reduce Stewart's sentence absent a motion

filed by the Director of the BOP.  A district court has the authority to modify a valid

sentence only if such authority is conferred by federal statute.  *See, e.g., United States* v.

*Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States* v. *Blackwell,* 81 F.3d 945, 947 (10th

Cir 1996); *United States* v. *Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994); *Morales* v.

*United States*, 353 F.Supp.2d 204, 205 (D.Mass. 2005).  In Section 3582(c)(1)(A)(i),

Congress has explicitly provided that a "court may not modify a term of imprisonment

once it has been imposed" unless the case falls within one of three exceptions set forth in

that section. 18 U.S.C. § 3582(c)(1)(A)(i).

The only exception applicable here is in Section 3582(c)(1)(A)(i), which states

that:

>  (1) in any case –
>
>  (A) the court, upon motion of the Director of the Bureau of Prisons,
>  may reduce the term of imprisonment . . . after considering the
>  factors set forth in section 3553(a) to the extent that they are

---

[1] "Mem." refers to Stewart's Memorandum Of Law In Support Of Motion To
Reduce, Modify Or Vacate Sentence And Other Equitable Relief Pursuant to 28 U.S.C. §
2255 And 18 U.S.C. § 3582.

4

applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582 (c)(1)(A)(i).   The statute explicitly provides the Director of the BOP, and only the Director of the BOP, with the authority to make such a motion and places no limits on the BOP's authority to seek or not seek a sentence reduction on behalf of a prisoner.   Furthermore, the statute gives the BOP the discretion to decide to bring motions only for "extraordinary and compelling reasons," and the regulation to effectuate and guide the BOP's actions, 28 C.F.R. § 571.60, restricts the motions to "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *Todd* v. *Federal Bureau of Prisons*, 31 Fed. Appx. 833 at *2 (5th Cir 2002).  A prisoner has no authority under the statute to make such a motion and absent a motion by the Director of the BOP, a court may not grant such relief.  Given that the Director of the BOP has not filed such a motion, Stewart's motion to modify her sentence must be denied.

Contrary to Stewart's contentions, the plain language of the statute is not mandatory and does not require that the Director of the BOP file such a motion if certain conditions are met.  Furthermore, federal courts have consistently held – indeed the Government cannot find a single Circuit Court or District Court decision to the contrary – that the Director's decision whether to file a motion and seek a sentence reduction is a matter of discretion under Section 3582(c)(1)(A) and that the decision not to file such a

5

motion is not reviewable by the court.  *Turner* v. *United States Parole Comm'n*, 810 F.2d

612 (7th Cir. 1987); *Simmons* v. *Christensen*, 894 F.2d 1041 (9th Cir. 1989); *Fernandez* v.

*United States*, 941 F.2d 1488 (11th Cir. 1991)[2]; *Todd* v. *Fed. Bur. of Prisons*, 31 Fed.

Appx. 833 (5th Cir. 2002); *Crowe* v. *United States*, 430 Fed.Appx. 484, 485, 2011 WL

2836364 (6th Cir. 2011); *Defeo* v. *Lapin*, 2009 WL 1788056 (S.D.N.Y. June 22, 2009);

*Jarvis* v. *Stansberry*, 2008 WL 5337908 (E.D.Va. Dec. 18, 2008).

Stewart's reliance on Guidelines § 1B1.13 for the proposition that the Director of

the BOP is required to file a compassionate release motion on the basis of "extraordinary

and compelling reasons" is likewise meritless.  Section 1B1.13 states, in relevant part,

that "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. §

3582(c)(1)(A), the court may reduce a term of imprisonment [if] the court determines that

[ ] extraordinary and compelling reasons warrant the reduction."  Guidelines §

1B1.13(1)(A).  Application Note 1(A) to this section further states that if "the defendant

is not a danger to the safety of any other person or to the community," "extraordinary and

compelling reasons exist under any of the following circumstances:"

---

[2] *Turner, Simmons,* and *Fernandez* all address 18 U.S.C. § 4205(g), the precursor to Section 3582(c)(1)(A).  Section 4205(g) stated that "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served.  The court shall have jurisdiction to act upon the application at any time and no hearing shall be required." 18 U.S.C. § 4205(g).  Section 4205(g) included this compassionate release provision until the statute was repealed on November 1, 1987.  The compassionate release provision was then inserted into Section 3582(c)(1)(A).  *Gutierrez* v. *Anderson*, 2006 WL 3086892 (D.Minn. Oct. 30, 2006) at *4 n.2.

6

(i) The defendant is suffering from a terminal illness.

(ii) The defendant is suffering from a permanent physical or medical condition, or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement.

(iii) The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.

(iv) As determined by the Director of the Bureau of Prisons, there exits in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).

Guidelines § 1B1.13, Application Note 1(A).

Stewart apparently "infers from this Application Note that the Director has no discretion to determine, for purposes of § 3582(c)(1)(A) and Guidelines § 1B1.13, whether circumstances are 'extraordinary and compelling' when any of the first three circumstances listed in Application Note 1(A) exist." *Defeo* v. *Lapin*, 2009 WL 1788056 (S.D.N.Y. June 22, 2009) at *5. "However, neither the statute nor the Guidelines indicates that this phrase applies to the Director of the Bureau of Prisons, whose motion is itself a precondition to the Court making a sentencing reduction decision." *Id.* Indeed, "even where "extraordinary and compelling reasons" are found to exist, discretion must still be exercised in order to "determine that" these "extraordinary and compelling reasons warrant the reduction. *Id.;* Guidelines § 1B1.13.

The Director's authority to seek a sentencing reduction is a power and not a duty.

7

In fact, as noted above, the Director is under no duty to move for sentence reduction under any circumstances.  *Defeo* v. *Lapin*, 2009 WL 1788056; *see, e.g., Taylor* v. *Hawk-Sawyer*, 39 Fed. Appx. 615, 2002 WL 1453674, at *1 (D.C.Cir. 2002) (finding "[a]ppellant's conduct in helping to save the life of a correctional officer [to be] indeed commendable," but holding that § 3582(c)(1)(A) "does not provide a basis for the court to compel the Director to consider filing such a motion").

Finally, Stewart's claim that the BOP has usurped the role of the Court in sentencing is simply wrong.  While Congress has left it to the BOP's discretion whether or not to move for a sentencing reduction, once such a motion is made it is for the Court to decide whether a reduction is appropriate.  *See Turner v. United States Parole Comm'n*, 810 F.2d at 616-17 ("neither the Constitution nor Congress has made [a section 4205(g)] motion for sentence reduction a matter of entitlement").  Thus, the Court's sentencing authority has not been usurped.

## POINT TWO

### Stewart's Sentence Does Not Violate The Eighth Amendment

Stewart next argues that her "sentence as administered is unconstitutional and should be vacated, set aside, or otherwise reduced."  (Mem. 16).  She claims that "in the circumstances now presented" her sentence is "cruel and unusual and excessive." (Mem. 19).  Those changed "circumstances" have nothing to do with the sentence itself, but rather with Stewart's current medical condition.  Stewart cites no authority in support of

her claim that the change in her health makes her sentence illegal.  This claim is also without merit.

The Eighth Amendment's Cruel and Unusual Punishment Clause limits criminal punishment in three ways.  First, it "imposes substantive limits on what can be made criminal and punished as such."  *Ingraham* v. *Wright*, 430 U.S. 651, 667 (1977).  For example, it is unconstitutional to impose criminal punishment for "status offenses" involving punishment for personal characteristics rather than illegal acts, such as being addicted to alcohol or narcotics.  41 *Geo. L.J. Ann. Rev. Crim. Proc.* (2012) at 943, n.2709; *Robinson* v. *California*, 370 U.S. 660, 666-67 (1962) (the Court held that imposition of a criminal penalty for being addicted to narcotics was cruel and unusual punishment).   Second, it prohibits certain kinds of punishment, such as the imposition of a sentence of death or life imprisonment without the possibility of parole for certain classes of defendants.  *See Graham* v. *Florida*, 130 S. Ct. 2011, 2034 (2010) (the Eighth Amendment prohibits the imposition of a sentence of life without parole on a juvenile offender who did not commit homicide); *Atkins* v. *Virginia*, 536 U.S. 304 (2002) (the execution of a mentally retarded criminal was "cruel and unusual punishment" prohibited by the Eighth Amendment).  And third, it prohibits punishment "grossly disproportionate" to the severity of the offense.  *See Solem* v. *Helm*, 463 U.S. 277, 292 (1983) (imposition of a life sentence without the possibility of parole for a seventh nonviolent felony conviction violated the Eighth Amendment), *but see Ewing* v. *California*, 538 U.S. 11,

18-20 (2003) (25-year-to-life sentence for shoplifting 3 golf clubs under state's 3 strike

law not so disproportionate as to constitute cruel and unusual punishment); *Harmelin* v.

*Michigan*, 501 U.S. 957, 990-96 (1991) (life imprisonment without parole for possessing

672 grams of cocaine not cruel and unusual punishment).

Stewart's sentence does not fall into any of these categories and therefore does not

violate the Eighth Amendment.  The facts and circumstances of Stewart and her offense

conduct justified the imposition of the 120-month sentence of imprisonment (which was

the result of a 20-year downward variance from the Guidelines recommended sentencing

range of 30 years that the Court found was warranted based on Stewart's age, health, and

personal history).  As the Court will recall, Stewart materially assisted terrorists who were

striving to kill people outside the United States and who only through fortuity failed in

achieving their murderous objectives – although Stewart and her co-defendants' actions

came perilously close to unleashing a violent terrorist attack.  In the process of aiding

terrorists and their conspiracy to kill, Stewart engaged in repeated acts of deception and

dishonesty directed at the Department of Justice and its Bureau of Prisons.  In committing

the crimes for which she now stands convicted, Stewart abused a position of trust that

significantly facilitated the commission and concealment of those offenses.  Furthermore,

in defending herself against the charges in this case, Stewart repeatedly committed

perjury in her trial testimony.  If this conduct were not sufficient, Stewart subsequently

made several public statements that reflected absolutely no remorse on her part for her

serious and near-lethal conduct, and that proved, among other things, that the original sentence of 28 months imprisonment had no deterrent effect upon her.

In the appeal of her 120-month sentence, Stewart did not argue that her current sentence violated the Cruel and Unusual Clause of the Eighth Amendment.  Stewart's sentence is not now unconstitutionally excessive and in violation of the Eighth Amendment because her physical health has deteriorated.

Indeed, courts that have considered whether the continued incarceration of a seriously or terminally ill prisoner violates the Eighth Amendment have rejected such claims.  *See Engle* v. *United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001), 2001 WL 1356205 at *2 (incarceration of a terminally ill prisoner does not violate the Eighth Amendment and early release for such prisoners is a matter more properly weighed by the legislature and prison administration than the courts); *see also Garvin* v. *United States*, 882 F. Supp. 68 (S.D.N.Y. 1995); *Holliday* v. *New York*, 2011 WL 2669615 (W.D.N.Y. July 7, 2011); *Hubbs* v. *Dewalt*, 2006 WL 1232895 (E.D.Ky. May 8, 2006).

## POINT THREE

### The Court Does Not Have The Authority To Release Stewart

Finally, Stewart argues that the Court should use its "equitable authority" to release her from custody. (Mem. 20-21).  While Stewart characterizes this argument as a "conditional release" and "equitable relief consonant with [her] medical needs," (*Id.*), she is in reality simply requesting that the Court vacate her sentence.  Because the Court has

no authority to revisit the sentence it previously imposed, this claim must be rejected.

As discussed above, a district court has the authority to modify a valid sentence only if such authority is conferred by federal statute.  *United States* v. *Ross*, 245 F.3d at 586; *United States* v. *Blackwell,* 81 F.3d at 947; *United States* v. *Caterino*, 29 F.3d at 1394.  Rule 35 of the Federal Rules of Criminal Procedure and Section 3582 provide that authority in limited circumstances.  In addition, a resentencing is authorized by law upon the issuance of relief under 28 U.S.C. § 2255 or under 28 U.S.C. § 2106, upon remand from a Court of Appeals or the Supreme Court to the District Court.  *United States* v. *Ross*, 245 F.3d at 586.  "Neither of these statutory provisions nor Fed. R. Crim.P.35 [or Section 3582] is applicable to this case." *Id.*  And "no other authority is given to a district court authorizing it to modify a term of imprisonment once such sentence has been imposed." *Id.*

Contrary to Stewart's claim, a district court does not have the inherent power to modify a term of imprisonment beyond the authority granted by Rule 35, Section 3582, or Sections 2106 or 2255.  Absent an express statute or rule, a district court is without jurisdiction to reconsider or modify a term of imprisonment previously imposed.  *United States* v. *Barragan-Mendoza*, 174 F.3d 1024, 1028-29 (9th Cir. 1999); *see also United States* v. *Zsofka*, 1997 WL 440452 (1st Cir. Aug. 5, 1997); *United States* v. *Blackwell*, 81 F.3d 945 (10th Cir. 1996); *United States* v. *Fahm*, 13 F.3d 447, 453-54 (1st Cir. 1994); *United States* v. *Crowder*, 947 F.Supp. 1183 (E.D.Tenn. 1996); *United States* v. *Caldwell*,

992 F. Supp. 363, 365 (S.D.N.Y. 1998).

While Stewart is correct that under Section 2255(b) of Title 28 of the United States Code, the Court has the authority to "discharge the prisoner or resentence him or grant a new trial or correct the sentence a may appear appropriate," it may only do so if it "finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 18 U.S.C. § 2255(b).  The Second Circuit has held that:

> collateral attack on a final judgment in a criminal case is generally available under § 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'

*Graziano* v. *United States*, 83 F.3d 587, 589-90 (2d Cir. 1996).  As established above, there is no basis for this § 2255 petition.

Stewart previously challenged her current sentence on appeal and it was affirmed. Here, Stewart does not and cannot claim that her sentence was in error; she merely alleges that due to her changed circumstances, it should be different.  That is not a basis for relief under § 2255.  Accordingly, Stewart's § 2255 petition must be denied.

**Conclusion**

For the reasons set forth above, the Government respectfully submits that

Stewart's § 2255/§3582 motion should be denied.


Dated:   New York, New York
          August 6, 2013


                                 Respectfully submitted,

                                 PREET BHARARA
                                 United States Attorney


                        By:   s/Andrew S. Dember                    
                              ANDREW S. DEMBER
                              Assistant United States Attorney
                              Telephone: (212) 637-2563

14

## Certificate of Service

Andrew S. Dember deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on August 6, 2013, he caused a copy of the Government's Memorandum Of Law Of The United States Of America In Opposition To Petitioner Lynne F. Stewart's Motion To Reduce, Modify, Or Vacate Sentence And For Other Equitable Relief Pursuant To 28 U.S.C. § 2255 And 18 U.S.C. § 3582 to be served by U.S. Mail upon

> Jill R. Shellow, Esq.
> Law Offices of Jill R. Shellow
> 111 Broadway, Suite 1305
> New York, New York 10006
>
> and
>
> Robert J. Boyle, Esq.
> 351 Broadway
> New York, New York 10007

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

> s/Andrew S. Dember
> ANDREW S. DEMBER

Executed on: August 6, 2013
           New York, New York

15