UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :

LYNNE F. STEWART,

              Petitioner              :

        - v -                                    13 Civ. 5279 (JGK)

                                       :       02 Cr. 395 (JGK)

UNITED STATES OF AMERICA,

                                        :

            Respondent.

                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO LYNNE STEWART'S  MOTION
PURSUANT TO FED. R. CIV. P. 59(e) TO ALTER OR AMEND
THE JUDGMENT, OR ALTERNATIVELY PURSUANT TO FED. R.
CIV. P. 60(b)(6) TO SET ASIDE THE JUDGMENT**


                                             PREET BHARARA
                                             United States Attorney
                                             Southern District of New York
                                             Attorney for the United States of
                                              America


Andrew S. Dember
Assistant United States Attorney
- Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :

LYNNE F. STEWART,

             Petitioner            :

        - v -                           13 Civ. 5279 (JGK)

                                :         02 Cr. 395 (JGK)

UNITED STATES OF AMERICA,

                                :

            Respondent.

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO LYNNE STEWART'S  MOTION
PURSUANT TO FED. R. CIV. P. 59(e) TO ALTER OR AMEND
THE JUDGMENT, OR ALTERNATIVELY PURSUANT TO FED. R.
CIV. P. 60(b)(6) TO SET ASIDE THE JUDGMENT**

**Preliminary Statement**

Stewart moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the August 9,

2013 judgment denying her motion to set aside, vacate, or correct her sentence pursuant

to 28 U.S.C. § 2255 or, alternatively, to set aside that judgment, pursuant to Fed. R. Civ.

P. 60(b)(6).  Stewart's motion is without merit and should be denied.

As the Court is well aware, Stewart was convicted on February 10, 2005 of

conspiracy to defraud the United States, in violation of Title 18, United States Code,

Section 371; conspiracy to provide and to conceal the provision of material support to a

conspiracy to kill persons in a foreign country, in violation of Title 18, United States

Code, Section 371; providing and concealing the provision of material support to a conspiracy to kill persons in a foreign country, in violation of Title 18, United States Code, Sections 2339A and 2; and making false statements to the United States Department of Justice and its agency, the Bureau of Prisons, in violation of Title 18, United States Code, Section 1001, following a nine-month trial before this Court. On October 16, 2006, this Court sentenced Stewart to 28 months' imprisonment, to be followed by two years' supervised release, and ordered her to pay a mandatory $500 special assessment.

Stewart appealed from her conviction, and the Government cross-appealed from her sentence. In a decision issued on November 17, 2009 (and amended on December 23, 2009), the Second Circuit Court of Appeals affirmed the judgment of conviction for Stewart, but remanded her case to this Court for resentencing. *United States* v. *Stewart*, 590 F.3d 93 (2d Cir. 2009).

On July 15, 2010, this Court resentenced Stewart principally to a term of 120 months' imprisonment. Stewart appealed and, on June 28, 2012, the Second Circuit affirmed the sentence. *United States* v. *Stewart,* 686 F.3d 156 (2d Cir. 2012).

In April 2013, Stewart filed a formal request, pursuant to 28 C.F.R. § 571.61, with the Warden of the Federal Medical Center, Carswell for compassionate release. On June 24, 2013, the Director of the Bureau of Prisons ("BOP") denied Stewart's request.

On July 29, 2013, Stewart filed a motion seeking to reduce, modify, and vacate her

sentence and for other equitable relief pursuant to 28 U.S.C. § 2255 and 18 U.S.C. §

3582.  In support of her motion, Stewart argued that (1) the Director of the Bureau of

Prisons violated a congressional mandate by failing to file a motion for compassionate

release on her behalf under 18 U.S.C. § 3582; (2) her sentence as administered violates

the Eighth Amendment as cruel, unusual, and excessive; and (3) the Court should use its

equitable authority to release her from custody.

In an Opinion and Order dated August 9, 2013, this Court denied Stewart's motion

to set aside, vacate, or correct her sentence pursuant to 28 U.S.C. § 2255.

Stewart is currently serving her sentence.

## Argument

## POINT I

### Stewart Is Not Entitled To The Relief She Seeks Under Rules 59(e) And 60(b)(6).

Stewart moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the August 9,

2013 judgment denying her above described motion to set aside, vacate, or correct

sentence pursuant to 28 U.S.C. § 2255, or, alternatively, to set aside that judgment,

pursuant to Fed. R. Civ. P. 60(b)(6).  Specifically, Stewart requests that the Court alter

and/or amend the judgment to permit her to amend her previously denied § 2255 petition

in the event that the Bureau of Prisons denies her renewed application for compassionate

release. (Mem. at 2).[1]  In support of her motion, Stewart argues that a denial of her

renewed application for compassionate release will "support an inference that the [Bureau

of Prison's] action was based on improper factors and hence discriminatory." (Mem. at

4).  This motion should be denied because neither Rule 59(e) or Rule 60(b)(6) provides

her with the relief she seeks.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or

amend a judgment in a civil matter.  "[D]istrict courts may alter or amend judgments 'to

correct a clear error of law or prevent manifest injustice.'" *Munafo* v. *Metr. Transp.*

*Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Collison* v. *Int'l Chem. Workers Union,*

*Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *see also Schwartz* v. *Liberty Mut. Ins. Co.*

539 F.3d 135, 153 (2d Cir. 2008).  "Rule 59(e) covers a broad range of motions, and the

only real limitation on the type of the motion permitted is that it must request a

substantive alteration of the judgment, not merely the correction of a clerical error, or

relief of a type wholly collateral to the judgment." *Id.* (quoting 11 Charles Alan Wright,

Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed.2008)).

"The standard for granting such a motion is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked  – matters that might reasonably be expected to alter the conclusion

---

[1]  "Mem." refers to Stewart's Memorandum Of Law In Support Of Lynne
Stewart's Motion Pursuant To Fed. R. Civ. P. 59(e) To Alter Or Amend The Judgment,
Or Alternatively Pursuant To Fed. R. Civ. P. 60(b)(6) To Set Aside The Judgment.

reached by the court." *Shrader* v. *CSX Transp.,* Inc., 70 F.3d 255, 257 (2d Cir. 1995);

*ResQnet, Inc.* v. *Lansa, Inc.*, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008); *see also*

*Panton* v. *United States*, 2010 WL 5422293 (S.D.N.Y. Dec. 23, 2010)*; Grubb* v.

*Barnhart*, 2004 WL 405933, at *1 (S.D.N.Y. Mar. 3, 2004).   A District Court is justified

in reconsidering its previous ruling if there is an intervening change in controlling law,

new evidence not previously available comes to light, or it becomes necessary to remedy

clear error of law or to prevent obvious injustice. *Id.*  And "[s]uch motions must be

narrowly constructed and strictly applied in order to discourage litigants from making

repetitive arguments on issues that have been thoroughly considered by the court." *Id.*

(quoting *Zoll* v. *Ruder Finn, Inc.*, 2004 U.S. Dist. LEXIS 144, at *3-4 (S.D.N.Y. Jan. 7,

2004).  Finally, "a movant may not 'advance new facts, issues or arguments not

previously presented to the Court[.]'" *Horvath* v. *Deutsche Lufthansa, AG*, 2004 U.S.

Dist. LEXIS 1733, at *6 (S.D.N.Y. Feb. 9, 2004) (citations omitted).

In her motion, Stewart does not articulate "with particularity" any grounds for

reconsideration nor does she point to any controlling decisions or data that the Court

overlooked and that would reasonably be expected to alter this Court's conclusions.

Furthermore, Stewart does not seek a "substantive alteration of the judgment." Rather,

she seeks to amend the judgment – apparently by adding some unspecified language to it

– so that at some future date, if certain events take place, she will be permitted to file

another or amended § 2255 petition in which she will allege that she was denied a

5

reduction of her sentence based on impermissible factors.  Indeed, Stewart's motion does

not even qualify as a proper Rule 59 motion because it does not request that the Court

change its ruling as reflected in the judgment at this time.  *See DiGirolamo* v. *United*

*States*, 279 Fed. Appx. 37, 2008 WL 2164556, at *1 (2d Cir. 2008) (Petitioner's "letter

did not constitute a Rule 59(e) motion because, although it commented very briefly on the

court's opinion, it did not actually articulate 'with particularity' any grounds for

reconsideration, nor did it even request that remedy. . .  Rather, the letter promised a

proper submission *in the future* . . .).  Because Stewart has not articulated a proper ground

for a Rule 59(e) motion and has failed to meet the strict standards for reconsideration, her

motion should be denied.

Similarly, Stewart cannot succeed with her motion pursuant to Rule 60(b)(6) to set

aside the judgment.  Rule 60(b) of the Federal Rules of Civil Procedure provides that a

District Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been
> reversed or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any other
> reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

The Second Circuit has held that relief under Rule 60(b) is available with respect

to a previous habeas proceeding "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris* v. *United States*, 367 F.3d 74, 76 (2d Cir. 2004) (citing *Rodriguez* v. *Mitchell*, 252 F.3d 191 (2d Cir. 2001); *United States* v. *Morales*, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008); *Hoffenberg* v. *United States*, 2010 WL 1685558, at *3 (S.D.N.Y. April 26, 2010) . Rule 60(b) motions do not have the effect of invalidating the underlying conviction, but, if granted, merely reinstate the previously dismissed petition for habeas relief. *Rodriguez* v. *Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001); *Grullon* v. *United States*, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004) ("Rule 60(b) does not provide relief from a judgment in a criminal case."). Furthermore, relief under Rule 60(b)(6) is appropriate only if the defendant demonstrates truly "extraordinary circumstances" that justify relief. *See Gonzalez* v. *Crosby*, 545 U.S. 524, 535 (2005) (noting that"[s]uch circumstances will rarely occur in the habeas context"); *see also Harris* v. *United States*, 367 F.3d at 81.

In addition to establishing the necessary prerequisites for a Rule 60(b) motion, a habeas petitioner moving to vacate a denial of her petition "must first show that her underlying claims are meritorious and that "vacating the judgment will not be an empty exercise." *United States* v. *Harris*, 268 F.Supp.3d 500, 504 (E.D.Pa. 2003) (*quoting Teamster Union* v. *Superline Transp. Co.*, 953 F.2d 17, 20 (1ˢᵗ Cir. 1992); *United States* v. *Morales*, 2008 WL 4921535, at *3.

Stewart's Rule 60(b) motion should be denied. In her motion, Stewart does not

challenge the integrity of the previous civil habeas proceeding before this Court or offer any evidence that it was tainted.  Rather, she seeks to vacate the judgment so that she can amend her previously filed and resolved § 2255 petition at some future date if the BOP once again denies her request for compassionate release.  Furthermore, the motion does not set forth the requisite "extraordinary circumstances" necessary for consideration or establish that her underlying claim is meritorious. The Rule does not contemplate that it can or should be used to reserve the right to make a subsequent motion if certain events occur and Stewart has failed to cite any authority that the reservation of a right to make a future motion is a proper reason to grant a Rule 60(b) motion.

Finally, Stewart fails to provide any authority for the proposition that a court may alter, amend or vacate a properly entered judgment on the basis that the petitioner may seek further relief in the future based on grounds that do not exist at the time such a motion to alter, amend, or vacate is filed.  The only cases that Stewart cites in her memorandum of law – *Littlejohn* v. *Artuz*, 271 F.3d 360, 363 (2d Cir. 2001), *Whab* v. *United States*, 408 F.3d 116, 118 (2d Cir. 2005), and *Negron* v. *United States*, 394 Fed. Appx. 788, 793 (2d Cir. 2010)  – all involve instances in which petitioners filed amended petitions or motions which contained additional grounds for relief not previously made under 28 U.S.C. § 2255 or § 2254 and thereby essentially sought to alter, amend or vacate previously entered judgments.  Stewart does not do that here and therefore provides the Court with no basis to alter, amend, or vacate its judgment.

**POINT II**

**Stewart's Speculative Underlying Argument Is Not A Basis For
Relief Under 28 U.S.C. § 2255**

In her motion, Stewart requests that the Court alter, amend, or set aside the August

9, 2013 judgment to permit her, pursuant to Fed. R. Civ. P. 15, to amend the § 2255

petition she filed on July 31, 2013, in the event that the Bureau of Prisons denies her

renewed application for compassionate release.  (Mem. at 2).  Stewart argues that such a

denial would "support[] an inference that the BOP's action was based on improper factors

and hence discriminatory," (Mem. at 4), and presumably allow her to renew her motion to

set aside, vacate, and correct her sentence pursuant to § 2255.  Such an argument (even if

somehow valid) cannot be properly brought in a § 2255 petition and that is another reason

to deny the instant motion.

"A motion under § 2255 must be directed to the sentence as it was imposed, not to

the manner in which it is being executed. *Corrao* v. *United States*, 152 F.3d 188, 191 (2d

Cir. 1998) (quoting *Dioguardi* v. *United States*, 587 F.2d 572, 573 (2d Cir. 1978); *see

also Roccisano* v. *Menifee*, 293 F.3d 51, 57 (2d Cir. 2002).  A challenge to the denial of a

prisoner's application for compassionate release does not go to the imposition of that

prisoner's sentence and as such cannot properly be brought in a § 2255 petition.  As this

Court clearly stated in denying Stewart's original § 2255 petition:

> It is well-established that section 2255 is the proper vehicle "to
> challenge the legality of the <u>imposition</u> of a sentence by a court." . . .
> In this case, there is no plausible challenge to the original imposition

9

of the petitioner's sentence.  The sentence was affirmed on appeal, and the petitioner's complaint is with the failure of the BOP to make a motion to reduce her sentence on the grounds of compassionate release."

August 9, 2013 Amended Opinion and Order, 7.

Because Stewart's motion to alter, amend, and vacate the August 9, 2013 judgment is an attempt to preserve the ability to make an argument in the future – challenging a possible future decision by the BOP – that cannot properly be brought under § 2255, her motion should be denied.

**Conclusion**

For the reasons set forth above, the Government respectfully submits that

Stewart's motion should be denied.

Dated:   New York, New York
         August 22, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _s/Andrew S. Dember_____
    ANDREW S. DEMBER
    Assistant United States Attorney
    Telephone: (212) 637-2563

11

**Certificate of Service**

Andrew S. Dember deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on August 22, 2013, he caused a copy of the Government's Memorandum Of Law Of The United States Of America In Opposition To Lynne Stewart's  Motion Pursuant To Fed. R. Civ. P. 59(e) To Alter Or Amend The Judgment, Or Alternatively Pursuant To Fed. R. Civ. P. 60(b)(6) To Set Aside The Judgment to be served by U.S. Mail upon

>Jill R. Shellow, Esq.
>Law Offices of Jill R. Shellow
>111 Broadway, Suite 1305
>New York, New York 10006
>
>and
>
>Robert J. Boyle, Esq.
>351 Broadway
>New York, New York 10007

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

s/Andrew S. Dember
ANDREW S. DEMBER

Executed on: August 22, 2013
New York, New York

12